

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00075-CR

---

JOSHUA NOEL CORONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 222nd District Court of
Deaf Smith County, Texas
Trial Court No. CR-191-141, Honorable Roland Saul, Presiding

---

January 12, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Joshua Noel Coronado appeals his convictions for aggravated assault and felony assault. Each arose from an altercation with his wife, Jessica, who also bore him two children. The two had recently separated when appellant called her for assistance. When she arrived, he entered her car and stabbed her. Two issues pend for review. The first concerns the sufficiency of the evidence underlying the convictions while the second involves whether the punishment assessed was unconstitutionally excessive. We affirm.

*Issue One – Sufficiency of the Evidence*

The applicable standard of review is that explained in *Braughton v. State*, 569 S.W.3d 592 (Tex. Crim. App. 2018). We apply it here.

Through count one of the indictment, the State alleged that appellant:

> on or about the 12th day of February, 2019 . . . did then and there intentionally, knowingly, and recklessly cause serious bodily injury to Jessica . . . by stabbing or cutting [her] . . . and . . . did then and there use a deadly weapon, namely, a knife, during the commission of the assault, and [Jessica] was a member of [appellant]'s family, as described by Section 71.003 of the Texas Family Code.

Through the second count, it alleged that appellant, also on February 12, 2019:

> did then and there intentionally, knowingly, and recklessly cause bodily injury to Jessica . . . a member of [appellant]'s family, as described by Section 71.003 of the Texas Family code, by stabbing or cutting [her] . . . and before the commission of the charged offense, [appellant] had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of [appellant]'s family, as described by Section 71.003 of the Texas Family Code, namely on July 19, 2011, in the County Court of Deaf Smith County Texas, in cause number 10-0327.
>
> And it is further presented that [appellant] used or exhibited a deadly weapon, namely, a knife, during the commission of the offense.

One commits aggravated assault by committing assault and causing serious bodily injury to the victim or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(1) & (2) (West 2019).[1] Felony assault is committed when a person 1) commits assault by causing bodily injury, 2) the victim is, among other things, a current or ex-spouse, and 3) the accused was previously convicted of an offense

---

[1] One commits assault by intentionally, knowingly, or recklessly causing bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2020).

under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Family Code. *Id.* § 22.01(b)(2)(A).

Appellant's attack upon the evidence is twofold. He first contends that Jessica's testimony was too weak and contradictory to establish that he attacked her with a knife. Then, he argues that there was no evidence that the injury sustained rose to the level of serious bodily injury. *Id.* § 1.07(46) (defining serious bodily injury as injury creating a substantial risk of death or that causing death, serious permanent disfigurement, or protracted loss or impairment of any function of any bodily member or organ); *Pruett v. State*, 510 S.W.3d 925, 928 (Tex. Crim. App. 2017) (defining the phrase identically).

A victim's testimony, if believed, may be enough to satisfy the elements underlying both simple and aggravated assault. *Padilla v. State*, 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd). Here, we have more. Jessica testified that she witnessed appellant reach toward her while both were in the car and stab her with a knife in the stomach. Medical personnel who examined her described the wound to be "small" but at least seven inches deep and penetrating into her abdomen within the region of vital organs, veins, and arteries. When given the definition of "serious bodily injury" the same doctor was asked if the wound fit within it. His response was: "[a]bsolutely, it did." This is some evidence upon which a rational fact-finder could conclude, beyond reasonable doubt, that appellant committed assault creating a substantial risk of death. That Jessica's testimony may have vacillated or contradicted itself was a matter for the jury to consider when assessing her credibility. *See Braughton v. State*, 569 S.W.3d at 608 (stating that the trier of fact is the sole judge of the weight and credibility of the evidence).

Such vacillation or contradiction, though, does not permit us to reject a fact-finder's resolution of that credibility issue. *See id.* (stating that the reviewing court presumes the fact-finder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution). Consequently, we overrule the first issue.[2]

*Issue Two – Excessive Punishment*

We next address the complaint about the punishment assessed being unconstitutionally excessive. This complaint was not urged at trial. Thus, it was not preserved for review and is overruled. *Carter v. State*, 575 S.W.3d 892, 904 (Tex. App.—Amarillo 2019, pet. granted) (holding that claims about punishment being excessive or cruel and unusual must be preserved for review).

The judgment of the trial court and appellant's convictions are affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[2] Because appellant did not raise it, we do not address any double jeopardy implications in using the same assault to support convictions under two different assault statutes.

4